Kenneth M. Jones, Esq. (SBN 140358)
Jane N. Kespradit, Esq. (SBN 270124)
Bethany J. Peak, Esq. (SBN 298337)
**LIMNEXUS LLP**
707 Wilshire Boulevard, 46th Floor
Los Angeles, CA 90017
Tel: (213) 955-9500 | Fax: (213) 955-9511
Kenneth.Jones@LimNexus.com
Jane.Kespradit@LimNexus.com
Bethany.Peak@LimNexus.com

Attorneys for Defendant WALMART INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| HEATHER ATKINSON,<br><br>Plaintiff,<br><br>vs.<br><br>WALMART INC.,<br>WAL-MART STORES, INC.,<br>and DOES 1 through 100, Inclusive,<br><br>Defendants. | Case No. 2:20-cv-10954<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT BY DEFENDANT WALMART INC.**<br><br>[28 U.S.C. §§ 1441 and 1446] |

## Table of Contents

Table of Authorities .......... 3
Notice .......... 4
Statement of Jurisdiction .......... 4
Venue .......... 4
Pleadings, Process and Orders .......... 4
Timeliness of Removal .......... 6
Diversity Jurisdiction .......... 7
A. Complete Diversity of Citizenship Exists .......... 8
B. The Amount in Controversy Exceeds $75,000 .......... 9
Notice of Removal to Court and Adverse Party .......... 10
Conclusion .......... 11

# Table of Authorities

## Federal Cases

*Galt G/S v. JSS Scandinavia*
142 F.3d 1150, 1155-56 (9th Cir. 998) .......... 11

*Gibson v. Chrysler Corp.*
261 F.3d 927, 945 (9th Cir. 2001) .......... 11

*Harris v. Bankers Life & Cas. Co.*
425 F.3d 689, 694 (9th Cir. 2005) .......... 6

*Hertz Corp. v. Friend*
559 U.S. 77, 92-93 (2010) .......... 9

*Huffman v. Saul Holdings LTD. Partnership*
194 F.3d 1072, 1078 (10th Cir. 1999) .......... 6

*Kantor v. Wellesley Galleries, Ltd.*
704 F.2d 1088, 1090 (9th Cir. 1983) .......... 9

*LeBlanc v. Cleveland*
248 F.3d 95, 100 (2d Cir. 2001) .......... 8

*Lew v. Moss*
797 F.2d 747, 751 (9th Cir. 1986) .......... 8

*Lovern v. General Motors Corp.*
121 F.3d 160, 161 (4th Cir. 1997) .......... ?

*Newcombe v. Adolf Coors Co.*
157 F.3d 686, 690 (9th Cir. 1998) .......... 9

*State Farm Mut. Auto. Ins. Co. v. Dyer*
19 F.3d 514, 519 (10th Cir. 1994) .......... 8

## Statutes

28 U.S.C. § 84(c) .......... 4
28 U.S.C. § 1332(a) .......... 4, 7, 9
28 U.S.C. § 1332(a)(1) .......... 10
28 U.S.C. § 1332(c)(1) .......... 8
28 U.S.C. § 1441(a) .......... 4, 10
28 U.S.C. § 1441(b) .......... 4, 7
28 U.S.C. § 1441(b)(1) .......... 9
28 U.S.C. § 1446 .......... 4
28 U.S.C. § 1446(a) .......... 4, 5
28 U.S.C. § 1446(b) .......... 6, 7
28 U.S.C. § 1446(d) .......... 10

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF AND HER ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant WALMART INC., formerly WAL-MART STORES, INC. ("Defendant") hereby removes the above-entitled action from the Superior Court of the State of California, County of Orange, to the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1332(a), 1441(a) and (b), and 1446.

**STATEMENT OF JURISDICTION**

1. This Court has original jurisdiction over this action under the diversity of citizenship statute. 28 U.S.C. § 1332(a). In relevant part, the statute grants courts original jurisdiction over civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, it is a civil action between citizens of different states, and no defendant is a citizen of the State of California. As set forth below, this case meets all of the diversity statute's requirements for removal and is timely and properly removed by the filing of this Notice of Removal ("Notice").

**VENUE**

2. The action was filed in the Superior Court of the State of California, County of Orange ("Orange County Superior Court"). Venue properly lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. sections 84(c), and 1441(a) and 1446(a).

**PLEADINGS, PROCESS, AND ORDERS**

3. On May 26, 2020, Plaintiff HEATHER ATKINSON ("Plaintiff") commenced this action by filing a Complaint in the Orange County Superior Court, entitled *Heather Atkinson vs. Walmart Inc., Wal-Mart Stores, Inc., and DOES 1-50, inclusive*, and designated Orange County Superior Court Case No. 30-2020-01143067-CU-OE-CJC ("Complaint"). *See* Declaration of Jane N. Kespradit ("Kespradit Decl.") ¶ 2, Exhibit 1. The Complaint asserts the following causes of

action: (1) Perceived and/or Mental Disability Harassment, Discrimination and Retaliation in Violation of California Government Code §§ 12940, *et seq*.; (2) Harassment, Discrimination and Retaliation in Violation of California Government Code §§ 12945.2, *et seq*.; (3) Retaliation and Wrongful Termination in Violation of Public Policy; and (4) Declaratory Relief. *See id*.

4. On June 23, 2020, Plaintiff served on Defendant, through Defendant's agent for service of process: (1) the Summons and Complaint; (2) a Civil Case Cover Sheet; (3) Declaration of Marcus A. Mancini Pursuant to C.C.P. Section 170.6; and (4) a Minute Order. True and correct copies of the aforementioned documents are attached collectively as Exhibit 1 to Kespradit Declaration, ¶ 2.

5. On August 7, 2020, Defendant filed its Answer to the Complaint with the Orange County Superior Court and served a copy of the Answer on Plaintiff. A true and correct copy of Defendant's Answer is attached as Exhibit 2 to the Kespradit Declaration, ¶ 3.

6. All other pleadings and process that have been filed or received by Defendant in this action are attached collectively as Exhibit 3 to the Kespradit Declaration, ¶ 4.

7. As of the date of this Notice, no other parties have been named or served with the Summons and Complaint in this action. *See* Kespradit Decl., ¶ 5.

8. The documents attached as Exhibits 1, 2 and 3 to the Kespradit Declaration constitute all pleadings, process, and orders served on or filed by Defendant in this action. Their attachment satisfies the requirements of 28 U.S.C. section 1446(a). Moreover, to Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed with the Orange County Superior Court or served by any party other than as described above. *See* Kespradit Decl., ¶ 6.

//

//

//

## TIMELINESS OF REMOVAL

9. Notice of removability is "determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005) (removal was timely because defendant had no duty to investigate the initial pleading where it was "indeterminate" with respect to removability). Where removability is not evident from the face of the initial pleading, the notice of removal may be filed within thirty days after the defendant receives "a copy of…other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.*; *see* 28 U.S.C. § 1446(b).

10. Here, it is not evident from the four corners of the Complaint that the amount in controversy exceeds $75,000, exclusive of interests and costs, as required for diversity jurisdiction. The Complaint contains no factual allegation of damages in any specified amount, and Plaintiff does not pray for damages in any specified amount. *See* Exhibit 1 to Kespradit Decl., ¶ 2. Thus, the removal period did not begin to run upon Defendant's receipt of the initial pleading. Rather, the removal period would only begin to run upon the receipt of "other papers" from which Defendant could first ascertain removability.

11. For purposes of removal, "other papers" can consist of discovery. *See, e.g., Lovern v. General Motors Corp.,* 121 F.3d 160, 161 (4th Cir. 1997) (diversity of citizenship disclosed in plaintiff's answers to interrogatories); *Huffman v. Saul Holdings LTD. Partnership*, 194 F.3d 1072, 1078 (10th Cir. 1999) (deposition testimony taken during the course of litigation in the state court action qualifies as an "other paper" for removal purposes).

//

//

//

//

12. On August 27, 2020, Defendant served discovery on Plaintiff, which included Form Interrogatories-General, Set One. These interrogatories ask, *inter alia*, whether Plaintiff attributes any physical, mental, emotional injuries, or loss of income to the events giving rise to this action; and if answered in the affirmative, to describe the alleged injuries and state the income lost. *See* Kespradit Decl., ¶ 7, Exhibit 4.

13. On November 4, 2020, Defendant received Plaintiff's Responses to Form Interrogatories, Set One ("Plaintiff's Interrogatory Responses"). In these responses, Plaintiff states that she has "suffered a loss of income in excess of $86,513.00", "will continue to lose at least $4,686.15 per month", and suffered and continues to suffer "severe emotional and mental distress...anxiety…and depression." *See* Kespradit Decl., ¶ 8, Exhibit 5.

14. Defendant first ascertained that the amount in controversy exceeds $75,000, and that this action therefore is one which is removable, through receipt of Plaintiff's Interrogatory Responses. *See* Kespradit Decl., ¶ 9. As such, the removal period began to run upon Defendant's receipt of Plaintiff's Interrogatory Responses.

15. This Notice is timely filed because it is filed within thirty days of November 4, 2020, the date of service of Plaintiff's Interrogatory Responses, and within one year from the commencement of this action. *See* 28 U.S.C. § 1446(b).

**DIVERSITY JURISDICTION**

16. Section 1332(a) of the United States Code provides in relevant part that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between…citizens of different States…." 28 U.S.C. § 1332(a).

17. This Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), and Defendant may remove this action to this Court pursuant to 28 U.S.C. § 1441(b), because this is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below.

**A. Complete Diversity of Citizenship Exists**

18. For diversity purposes, an individual is a "citizen" of the state in which she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Citizenship is determined at the time the lawsuit was filed. *LeBlanc v. Cleveland*, 248 F.3d 95, 100 (2d Cir. 2001). Plaintiff's residence is *prima facie* evidence of domicile. *See Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (residency can create a rebuttable presumption of domicile supporting diversity of citizenship); *see also State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-520 (10th Cir. 1994) (a party's residence is prima facie evidence of domicile for purposes of determining citizenship). Here, Plaintiff alleges in her Complaint that "[a]t all times herein mentioned, Plaintiff was, and now is, an individual residing in the County of San Bernardino, State of California." *See* Kespradit Decl., ¶ 2, Exhibit 1, Complaint at ¶ 1. Further, Plaintiff's Interrogatory Responses state that Plaintiff presently resides in Sylmar, California. *See* Kespradit Decl., ¶ 8, Exhibit 5 at Response to Interrogatory No. 2.5. Thus, Plaintiff is a citizen of California.

19. For diversity purposes, a corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). To determine a corporation's principal place of business, courts apply the "nerve center" test, which deems the principal place of business to be the state in which the corporation's officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). A corporation's principal place of business normally is the state in which it maintains its main headquarters. *Id*.

20. Defendant is now, and was at the time this action commenced in state court, a citizen of a state other than California. First, Defendant is a Delaware corporation, and so it is a citizen of Delaware. *See* Kespradit Decl. ¶¶ 10-11. Second, Defendant's headquarters and corporate offices are located in Bentonville, Arkansas, which is where its officers and directors perform the company's executive

and administrative functions. *See id*. Because Defendant's principal place of business is Arkansas, it also is a citizen of Arkansas for diversity purposes. Thus, Defendant is a citizen of the States of Delaware and Arkansas for purposes of diversity jurisdiction.

21. No other party has been named or served as the date of this removal. *See* Kespradit Decl. ¶ 5. The presence of Doe defendants in this case has no bearing on diversity for removal purposes. 28 U.S.C. § 1441(b)(1) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded"); *Newcombe v. Adolf Coors Co*., 157 F.3d 686, 690 (9th Cir. 1998) (in determining whether diversity of citizenship exists, only the named defendants are considered).

22. Thus, as set forth above, Plaintiff is a citizen of California, and Defendant is a citizen of Delaware and Arkansas. Accordingly, complete diversity exists among and between the parties.

**B. The Amount in Controversy Exceeds $75,000**

23. This Court has jurisdiction over this case because the amount placed in controversy by Plaintiff's alleged claims exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

24. Plaintiff's Interrogatory Responses clearly establish that the amount in controversy exceeds the $75,000 threshold for diversity jurisdiction. In measuring the amount in controversy, courts may look to "documents exchanged in the case by the parties…." *Lovern, supra*, 121 F.3d at 161 (diversity of citizenship disclosed in plaintiff's answer to interrogatories). Here, Plaintiff claims that as of November 4, 2020, she "suffered a loss of income in excess of $86,513.00, not including pay increases, vacation pay, health insurance, dental insurance, 401k, and profit sharing benefits." Additionally, Plaintiff claims she "will continue to lose at least $4,686.15 per month, until such time as Plaintiff obtains alternate employment with

compensation equal to, or greater than, that which she received from" Defendant. *See* Kespradit Decl., ¶ 8, Exhibit 5.

25. In addition to these damages, Plaintiff seeks unspecified amounts for attorney's fees, as well as an unspecified amount for past and continuing severe emotional distress. *See* Kespradit Decl., ¶ 2, Exhibit 1, Prayer to Complaint; Kespradit Decl., ¶ 7, Exhibit 4. Plaintiff's potential recovery of the foregoing damages demonstrates that the jurisdictional threshold for removal is met. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) (emotional distress damages are included in determining amount in controversy); *see also Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be include in the amount in controversy").

26. In sum, although Defendant does not concede Plaintiff's claims have any merit, the total relief Plaintiff seeks in damages exceeds the $75,000 jurisdictional requirement, exclusive of interest and costs. The Court therefore has original jurisdiction over Plaintiff's claims in this action based on diversity jurisdiction under 28 U.S.C. sections 1332(a)(1) and 1441(a).

**NOTICE OF REMOVAL TO COURT AND ADVERSE PARTY**

27. Pursuant to 28 U.S.C. section 1446(d), Defendant is providing written notice of this removal to Plaintiff, Plaintiff's counsel, and a copy of this notice to the Clerk of the Orange County Superior Court.

28. A copy of the Notice of Removal will also be filed with the Clerk of the Orange County Superior Court.

//

//

//

//

//

## CONCLUSION

WHEREFORE, having fulfilled all statutory requirements, Defendant removes this action from the Orange County Superior Court to the United States District Court for the Central District of California, and requests that this Court assume full jurisdiction over this matter as provided by law.

Dated: December 2, 2020

**LIMNEXUS LLP**

By: */s/ Jane N. Kespradit*
Kenneth M. Jones
Jane N. Kespradit
Bethany J. Peak
Attorneys for Defendant
WALMART INC.